*State v. Elec. Media Mktg. Grp., Inc.*, No. 325-6-17 Wncv (Teachout, J., Feb. 27, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 325-6-17 Wncv** |

**STATE OF VERMONT**
    **Plaintiff**

    **v.**

**ELECTRONIC MEDIA MARKETING
GROUP, INC. d/b/a GENERAL YELLOW
PAGES and VLADIMIR ADOLPHE**
    **Defendants**

## DECISION
### The State's Motion for Partial Summary Judgment (Count III)

This is a consumer protection case brought by the State against Defendants Electronic Media Marketing Group, Inc., d/b/a General Yellow Pages (MMG) and Mr. Vladimir Adolphe (MMG's principal).[1] Mr. Adolphe operates a "yellow pages" type website advertising others' businesses. The State asserts that Mr. Adolphe has violated the Act by: deceiving prospective purchasers about the cost and effectiveness of a listing (count 1); failing to provide required notifications of the right to cancel (count 2); failing to register as a telemarketer (count 3); and failing to register as a foreign corporation doing business in Vermont (count 4). The State seeks summary judgment establishing liability on count 3.[2] Mr. Adolphe argues that he is not a telemarketer under the relevant statute and was not required to register as such. He also argues that the State has struck too soon, and discovery should proceed before the court determines this matter. Separately, he argues that civil penalties would not be available under the CPA in any event because they may be assessed only for violations of injunctive orders, and there were none here.

There is no dispute that Mr. Adolphe or his agents would phone prospective Vermont customers offering to sell them listings on his website. The offers may have included an initial free trial period before the customer was later invoiced for the listing. He was not registered as a telemarketer with the Vermont Secretary of State. The only dispute is whether he was a "telemarketer" for purposes of the CPA.

The CPA specifically regulates telemarketers for purposes of "telemarketing transactions," 9 V.S.A. § 2464, and for "prohibited telephone solicitations," 9 V.S.A. §§ 2464a–

---

[1] The Consumer Protection Act (CPA) appears at 9 V.S.A. §§ 2451–2482d. For purposes of this decision, the court will refer to Defendants collectively as Mr. Adolphe.

[2] State also sought summary judgment on count 4. However, following Mr. Adolphe's opposition briefing, the State withdrew its motion as to count 4. Accordingly, count 3 only is at issue at this time.

2464c.  For purposes of "telemarketing transactions," "telemarketer" is defined at 9 V.S.A. § 2464(a)(4).  For purposes of "prohibited telephone solicitations," "telemarketer" is defined at 9 V.S.A. § 2464a(a)(7).  Mr. Adolphe believes that he is not a "telemarketer" for "telephone transactions" purposes and has attempted to rely on that definition here.  However, the State has not asserted that.  It alleges that he is an unregistered telemarketer for "prohibited telephone solicitations" purposes.  As each section, § 2464 and § 2464a, expressly asserts, its definitions are for its own purposes.  Thus, the definition of telemarketer on which Mr. Adolphe attempts to rely is irrelevant to the charged failure to register.

Under § 2464a(a)(7), a telemarketer is, in pertinent part, "any telephone solicitor."  A telephone solicitor is "any person [or agent of that person] placing telephone solicitations."  9 V.S.A. § 2464a(a)(9).  A telephone solicitation:

> (A) means the solicitation by telephone of a customer for the purpose of encouraging the customer to contribute to an organization that is not a tax-exempt organization, or to purchase, lease, or otherwise agree to pay consideration for money, goods, or services; and
> (B) does not include:
>     (i) telephone calls made in response to a request or inquiry by the called customer;
>     (ii) telephone calls made by or on behalf of a tax-exempt organization, an organization incorporated as a nonprofit organization with the State of Vermont, or an organization in the process of applying for tax-exempt status or nonprofit status;
>     (iii) telephone calls made by a person not regularly engaged in the activities listed in subdivision (A) of this subdivision (8); or
>     (iv) telephone calls made to a person with whom the telephone solicitor has an established business relationship.

9 V.S.A. § 2464a(8).  The undisputed business activity at issue in this case plainly is encompassed by this definition of telephone solicitation and falls under none of the exemptions.

To the extent that Mr. Adolphe argues that offering customers a free trial period prior to later billing them for usage beyond that period somehow is not encompassed by the definition above, the court rejects that argument.  Either way, the purpose of the solicitation is to induce a prospective customer to purchase a service.

Mr. Adolphe argues that it is too soon to come to this conclusion as discovery has only just begun.  However, he points to nothing that he may learn in the course of discovery that could alter the outcome here.  The applicable statutory definition of telemarketer is clear.  Mr. Adolphe presumably already knows his own business and what business he has conducted in Vermont.  He should have accessible all facts needed to confront the State's motion.  "Rule 56 does not require that summary judgment motion decisions await completion of discovery, and to so require would defeat the purpose of the rule." *Bushey v. Allstate Ins. Co.*, 164 Vt. 399, 405 (1995).

2

Mr. Adolphe also argues that, in any event, the State cannot be entitled to civil penalties because civil penalties may be awarded under the CPA for violations of injunctions or court orders only. The State seeks a civil penalty for each telephone solicitation in violation of the CPA.

Section 2464a(c) expressly states that "[e]ach prohibited telephone call shall constitute a separate violation [of the CPA]." Otherwise, the CPA provides for civil penalties in two places, 9 V.S.A. § 2458(b)(1) and 9 V.S.A. § 2461(a). Under § 2458(a), a civil penalty may be assessed for "each unfair or deceptive act or practice in commerce." Under 2461(a), a civil penalty may be assessed against "[a]ny person who violates the terms of an injunction issued under section 2458." Plainly, these provisions authorize civil penalties for two different purposes, in response to unfair or deceptive acts in violation of the CPA and for violations of injunctions prohibiting further violations of the CPA. Mr. Adolphe's argument would reduce the civil penalty at § 2458(a) to mere surplusage. "We will not interpret a statute in a way that renders a significant part of it pure surplusage." *Robes v. Town of Hartford*, 161 Vt. 187, 193 (1993).

The State is entitled to summary judgment on both issues.

### ORDER

For the foregoing reasons, the State's motion for summary judgment is *granted* as to Count III.

Dated at Montpelier, Vermont this _____ day of February 2018.

 

_____
Mary Miles Teachout
Superior Judge